In re HOLLAND ENTERPRISES, INC., Debtor.

COTTMAN TRANSMISSIONS, INC., Plaintiff,

v.

HOLLAND ENTERPRISES, INC., Defendant.

No. 82–120–CIV–5.

United States District Court, E.D. North Carolina, Raleigh Division.

Oct. 1, 1982.

Peter J. Sarda, Raleigh, N.C., for plaintiff.

J. Larkin Pahl, Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for defendant.

## OPINION

BRITT, District Judge.

Plaintiff, Cottman Transmissions, Inc., instituted this adversary proceeding to secure possession of premises from defendant, Holland Enterprises, Inc. After a hearing, the United States Bankruptcy Court denied plaintiff's requested relief, and plaintiff appeals.

### I

AJB Company, Inc., entered into a License Agreement with Cottman Transmissions, Inc., in order to operate a Cottman transmission and repair service center. The License Agreement, executed on Cottman's standard form, provided that AJB Company, Inc., would secure a location for the center. Prior written approval of Cottman stood as a prerequisite to the execution of the lease, which lease contained a conditional assignment clause. This clause provided Cottman an option, for thirty days after termination of the license agreement, to assume the obligations of and to replace AJB Company, Inc., as the lessee. Thereafter, Cottman could reassign the lease to a new operator. On 14 June 1976, Gateway Plaza leased a store building to AJB Company, Inc., for the purpose of operating an automotive and truck transmission repair shop. Under the terms of the lease, the tenant could not assign the lease without first obtaining the written consent of the landlord. An attachment to the lease, entitled "Conditional Assignment Waiver of Subrogation and Waiver of Lien," provided that the lessee, AJB Company, Inc., conditionally assigned all its right, title, and interest in the lease to Cottman. This conditional assignment would become effective upon the occurrence of two conditions. First, the License Agreement between Cottman and the operator must be terminated. Second, Cottman must exercise its option to assume the obligations of and to replace lessee. AJB Company, Inc., and Cottman executed the conditional assignment to which Gateway Plaza consented.

AJB Company, Inc., operated the Cottman Transmission Center until 1978. At that time, Cottman did not exercise its option to assume the lease. Instead, on 18 January 1978, Cottman entered into a new License Agreement with James Earl Holland. This agreement contained the same provisions as the previous one, and Holland assigned his interest in the License Agreement to Holland Enterprises, Inc. On 7 February 1978, AJB Company, Inc., assigned its interest in the lease to Holland Enterprises, Inc., which purchased the equipment and machinery from AJB Company, Inc. It operated as a Cottman Transmission Center until 6 February 1981, at which time it filed a voluntary petition for bankruptcy. See 11 U.S.C.A. Sections 101 et seq. (1979). Thereafter, it operated a transmission repair service under the name of Capital Transmission Company. At the time the petition was filed and for sometime prior thereto, Holland Enterprises, Inc., was in default on the License Agreement. Cottman had not, however, terminated the agreement. Holland Enterprises, Inc., the debtor, has rejected the License Agreement and conditional assignment of the lease, pursuant to the Bankruptcy Code.

### II

Plaintiff challenges the bankruptcy court's determination that the debtor was entitled to reject both the License Agreement and the conditional assignment of the lease. That decision hinged on an interpretation of a provision in the bankruptcy laws permitting a trustee to assume or reject executory contracts or unexpired leases. 11 U.S.C.A. Section 365(a). The difficulty inherent in the resolution of this issue stems from the omission of any definition of executory contract in the bankruptcy law. 2 Collier on Bankruptcy, ¶¶ 365.02 & 365.03 (15th Ed. 1981). The bankruptcy court properly recognized that section 365 operates as a mechanism to relieve a debtor from obligations imposed by an executory contract. *In re Middleton,* 3 B.R. 610, 613 (Bkrtcy.E.D.Pa.1980). In this context, an

executory contract includes contracts on which, to some extent, performance remains due from both parties. *In re Rovine Corp.*, 5 B.R. 402, 404 (Bkrtcy.W.D.Tenn. 1980). *See* S.Rep. No. 95–989, 95th Cong., 2d Sess., 48, *reprinted in* (1978) U.S.Code Cong. & Ad.News, 5787.

■■■ The bankruptcy court found that both the License Agreement and the conditional assignment of the lease constituted executory contracts since both imposed future obligations to be performed by debtor. More careful consideration of the contractual connections among the parties reveals the error in this analysis. The conditional assignment of the lease was not a separate contract between lessor, Gateway Plaza, and debtor, but, rather, a provision of the lease agreement. At the time it filed for bankruptcy, debtor had two executory contracts (the License Agreement and the Lease) with Cottman. Gateway Plaza was also a party to the lease. Debtor elected to reject the License Agreement pursuant to section 365. Concomitantly, debtor seeks to eviscerate Cottman's conditional assignment rights under the lease by declaring the conditional assignment clause an executory contract. In effect, debtor would be assuming the unexpired lease while rejecting, as executory, one clause within that lease. In practical terms, debtor attempts to avoid the debit of the License Agreement (royalties, reports, etc.) while it enjoys the credits thereof (the location brought on by Cottman, the public's familiarity with the location as a transmission shop, etc.). This it cannot do. Debtor may not have its cake and eat it too. To permit such action denies Cottman the right to assume the premises given debtor's knowing rejection of the License Agreement. *See In re Mimi's of Atlanta, Inc.*, 5 B.R. 623, 629 (Bkrtcy.N.D. Ga.1980). It is axiomatic that an assumed contract under section 365 is accompanied by all its provisions and conditions. *Atchison, Topeka & Santa Fe Ry. Co. v. Hurley*, 153 F. 503 (8th Cir.1907), *aff'd* 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729 (1909). Similarly, an executory contract or unexpired lease must be rejected *in toto*. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract than the debtor had outside of bankruptcy. *In re Nashville White Trucks, Inc.*, 5 B.R. 112, 117 (Bkrtcy.M.D.Tenn.) (1980). The Court remains cognizant of the legislative purpose behind section 365. This provision vests the bankruptcy court with a unique power designed to facilitate the rehabilitation of debtors. Nevertheless, a debtor may not retreat to this provision, derived from the inherent equitable powers of the bankruptcy courts, to avoid an obligation while it enjoys a benefit which arises in conjunction with that obligation.

Based upon the foregoing analysis, the decision of the bankruptcy court is reversed. The case is remanded to that court for further proceedings consistent with this opinion.

AND IT IS SO ORDERED.