In re Judy L. DEWALT, et al., Debtors.

MANUFACTURERS HANOVER, fka
Finance One of California, Inc.,
Appellants,

v.

Judy L. DEWALT, et al., Appellees.

BAP No. SC 88–1795–AsPR.
Bankruptcy No. 87–5435–H7.
Adv. No. C88–0123–H7.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted May 23, 1989.

Decided Dec. 15, 1989.

Jerry Michael Suppa, San Diego, Cal., for appellants.

George E. Alspaugh, El Cajon, Cal., for appellees.

Before ASHLAND, PERRIS and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Finance One appeals the bankruptcy court's judgment dismissing its dischargeability complaint as late filed. We affirm.

## FACTS

Dewalt, the debtor, filed a petition for relief under Chapter 7 on July 28, 1987. Following the meeting of creditors, a claims bar date of November 2, 1987 was set for filing of complaints seeking a determination of nondischargeability under § 523. Dewalt did not list Finance One as a creditor as required by § 521(1). Instead Finance One was listed on the debtor's notice of intent under § 521(2) in the amount of $4,065.81. Consequently, Finance One was not given notice of Dewalt's bankruptcy by the court.

Subsequent to the bankruptcy, Finance One filed a state court action against Dewalt, and on October 21, 1987 requested a default judgment. Five days later on October 26, 1987, Dewalt's attorney contacted Finance One's attorney and informed him that Dewalt had filed bankruptcy on July 28, 1987, and requested that the state court matter be dismissed. Between October 26, 1987 and November 2, 1987, the bar date for filing dischargeability complaints, Finance One did not file a complaint or seek an extension of time in which to do so.

Finance One filed a complaint to determine dischargeability under § 523(a)(2)(A) on March 21, 1988, almost five months after receiving actual notice of Dewalt's bankruptcy. Dewalt brought a motion to dismiss the complaint for lack of jurisdiction because it was untimely filed. The bankruptcy court granted Dewalt's motion and Finance One timely appealed.

## ISSUE

Whether Finance One had actual knowledge of Dewalt's bankruptcy in time to permit the filing of a complaint to determine dischargeability pursuant to § 523(a)(3)(B).

## STANDARD OF REVIEW

Whether Finance One received sufficient notice to file a complaint to determine dischargeability is a question of law requiring interpretation of a statute, and is therefore reviewed independently. *In re Price*, 871 F.2d 97, 98 (9th Cir.1989).

## DISCUSSION

Section 523(a)(3)(B) provides:

(a) A discharge under section 727, ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) ... in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3)(B).

Finance One's complaint for dischargeability alleged a cause of action under § 523(a)(2)(A). Section 523(a)(3)(B) requires that a debt of the kind specified in § 523(a)(2), must be listed or scheduled in time to permit the filing of a complaint to determine dischargeability of the debt. In this case, it is undisputed that the bar date was November 2, 1987 and that Finance One was not properly scheduled as a creditor under § 521(1) until November 25, 1987.

However, § 523(a)(3)(B) contains an exception for creditors that had notice or actual knowledge of the case in time to timely file a complaint for dischargeability. 11 U.S.C. § 523(a)(3)(B); *In re Price*, 79 B.R. 888, 890 (9th Cir. BAP 1987), *aff'd* 871 F.2d 97 (9th Cir.1989). It is uncontroverted that Dewalt's attorney contacted the attorneys for Finance One on October 26, 1987, seven calendar days and five court days before the claims bar date. At this time, Dewalt's attorney informed Finance One

that Mrs. Dewalt had filed bankruptcy on July 28, 1987.

In *Price* this court held that for purposes of § 523(a)(3)(B), notice to a creditor's attorney of the bankruptcy proceeding is sufficient to constitute notice to the creditor if the creditor's attorney received the notice while representing his client in enforcing the claim against the debtor. *Price*, 79 B.R. at 889–90. The attorneys for Finance One were in state court pursuing the very claim for which the dischargeability complaint was filed when they received notice from Dewalt's attorney. As a result, the telephone call to the Finance One attorneys was sufficient to give notice of Dewalt's bankruptcy. An unscheduled creditor with actual notice of the bankruptcy has the burden to inquire as to the bar date for filing a nondischargeability complaint. *In re Alton*, 64 B.R. 221, 224 (Bankr.M.D.Fla. 1986), *aff'd* 837 F.2d 457 (11th Cir.1988); *see In re Gregory*, 705 F.2d 1118, 1123 (9th Cir.1983); *Price*, 79 B.R. at 890.

Since Finance One received notice of Dewalt's bankruptcy prior to the bankruptcy case and did not act to protect its claim, the only question remaining is whether Finance One had sufficient time to act, in order to protect its interests. Finance One argues that seven days was too short a time in which to review the facts surrounding the obligation and alleged wrongdoing of the debtor. Finance One contends that the shortened time did not allow time for consultation with its attorneys, obtaining of documentary evidence, investigation of the merits of the case, filing of the complaint itself, and conducting settlement discussions and other "pre-complaint inter-party communications."

The bankruptcy court, contrary to Finance One's contention did not hold that notice *at any time* before the bar date is sufficient to exempt a creditor from the protection afforded under § 523(a)(3)(B). The bankruptcy court specifically found that seven days was sufficient time for Finance One to protect its claim by either filing a complaint or by seeking an extension of time. The bankruptcy court inquired as to why Finance One did not either check the bankruptcy file to establish the claims bar date or seek an *ex parte* application to extend time for filing a complaint. No explanation, other than the lack of formal notice, was given for Finance One's failure to act to protect its claim.

In order to determine whether Finance One could have timely filed a complaint to determine dischargeability, it is necessary to analyze the interrelationship between § 523(a)(3)(B), (c) and Bankruptcy Rule 4007. Finance One's complaint to determine dischargeability was based on § 523(a)(2). Section 523(c) provides that § 523(a)(2) debts will be discharged unless, on request of the creditor, the court determines the debt is to be excepted from discharge. 11 U.S.C. § 523(c). It is the creditors duty to request a determination of nondischargeability. *Id.*

Bankruptcy Rule 4007 which governs the timeliness of § 523(c) complaints provides:

(c) ... A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankruptcy Rule 4007(c).

The language in § 523(a)(3)(B) excepting a § 523(a)(2) debt from discharge unless the debt is scheduled or the creditor has actual notice of the case in time to timely request a determination of dischargeability must be read in conjunction with § 523(c) and Bankruptcy Rule 4007(c). A timely request for a determination of dischargeability is made when the creditor provides notice and requests a hearing in the time provided by Rule 4007(c). Rule 4007(c) provides that a § 523(c) complaint is timely if brought within 60 days of the first meeting of creditors. Rule 4007(c) also provides that on motion of a creditor and for cause the court may extend the time in which a § 523(c) complaint may be filed. A motion to extend time in which to file a § 523(c)

complaint must be made before the original 60 day period for filing a complaint has expired.

Finance One had seven calendar and five court days in which to bring a motion seeking an extension of the deadline for filing a dischargeability complaint. While it is questionable whether a complaint could have been filed in the time remaining after Finance One received notice of Dewalt's bankruptcy, there was ample opportunity to seek an extension of time to file a § 523(c) complaint under Rule 4007(c). A motion for extension of time in which to file a complaint is a simple matter and it would have been an abuse of discretion not to grant such a motion in this case. *See In re Magouirk*, 693 F.2d 948, 951 (9th Cir. 1982). As a result we hold that Finance One's complaint was properly dismissed as untimely.

Our holding is supported by *In re Price*, 871 F.2d 97 (9th Cir.1989), *In re Alton*, 837 F.2d 457 (11th Cir.1988), and *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987). In *Price* the Ninth Circuit in affirming this court's opinion stated "Counsel for the appellant in the present appeal was given actual notice of the bankruptcy proceedings in time to file a complaint, *or at least to file a timely motion for an extension of time." Price*, at 99 (emphasis added). Likewise in *Alton* the Eleventh Circuit stated, "[i]f [the appellant], once warned of the bankruptcy proceeding, had made a minimal effort to determine the date of the filing of the petition, he would have realized the outside dates for the filing of his complaint contesting the dischargeability of this claim or *for a motion to extend such time." Alton*, 837 F.2d at 461 (emphasis added). Finally, in *Neeley* the Fifth Circuit in holding that a bankruptcy clerk's error in failing to notify a creditor, with actual knowledge of the case, of the dischargeability bar date did not suspend the limitations period of Rule 4007(c), stated "[a]t the very least, Rule 4007(c) plainly requires that a creditor file his § 523(c) complaint, or his motion for extension, within 60 days...." *Neeley*, 815 F.2d at 347.

Despite the action or inaction of the debtor in this case, whether inadvertent or otherwise, the time specifications set out in the Code are sufficiently clear to have placed the burden on Finance One to take the timely action necessary to pursue its claim.

## CONCLUSION

The untimely dischargeability complaint filed by Finance One was properly dismissed; therefore, the judgment of the bankruptcy court is affirmed.

PERRIS, Bankruptcy Judge, concurring:

I concur because I am bound by the decision in *Price* that the actual notice requirement of § 523(a)(3) is met where the creditor "was given actual notice in time to file a complaint, *or* at least to file a timely motion for an extension of time." *Id.* at 99. (emphasis added). The dissent characterizes as *dictum Price's* indication that the notice is sufficient where the creditor has given actual notice of the bankruptcy in time to file a timely motion for an extension of time. I disagree. While the 58 day period in *Price* may have been sufficient to allow the timely filing of a complaint, the Ninth Circuit did not indicate that it was. It merely indicated that the notice was sufficient to allow either (1) a complaint or (2) a motion for an extension. In this regard, the Ninth Circuit set forth a two prong disjunctive test. Because it is unclear which prong of the test was satisfied in *Price*, neither prong of the test is *dictum*. Appellant's attorney conceded at oral argument that he could have filed a timely motion for an extension of time even though he received only 7 days notice. Consequently, appellant received sufficient actual notice to prevent a complaint filed after the bar date from being timely.

Hopefully, the Court of Appeals will reexamine the portion of the *Price* decision that notice of the bankruptcy received by the creditor in time to request an extension of time before the bar date is sufficient to meet the actual notice requirement of § 523(a)(3). The plain language of

§ 523(a)(3)(B) refers to actual notice in time to permit a request for a determination of dischargeability. While a complaint to determine dischargeability is such a request, a motion for an extension of time is not. In addition, the rule in *Price* upsets the normal responsibilities for scheduling creditors imposed upon debtors and the reasonable period usually accorded creditors to file objections to discharge and dischargeability complaints. As the dissent suggests, rewarding a debtor who fails to live up to his normal responsibility for scheduling creditors by shifting to the creditor an obligation to seek an extension in order to have a reasonable period of time to utilize a remedy may encourage abuse by debtors.

RUSSELL, Bankruptcy Judge, dissenting:

I respectfully dissent. The majority herein holds that the debtor giving a creditor notice of his bankruptcy several days prior to the Bankruptcy Rule 4007(c) bar date justifies the dismissal of the creditor's Section 523(a)(2)(B)[1] nondischargeability complaint filed after the bar date. Such holding is neither within the letter nor the spirit of the law and will encourage convenient late notice to creditors to the substantial prejudice of the creditors.

FACTS

On July 7, 1986, Dewalt (debtor) executed and delivered to Finance One of California, Inc. (creditor) a combined Promissory Note and Security Agreement, in the amount of $4,065.81, payable monthly.

On June 25, 1987, the creditor notified the debtor by a letter that its attorney was pursuing collection on the note. The notification letter contained the correct address of the creditor's counsel in Los Angeles as well as that of the creditor, Manufacturers Hanover, fka Finance One Of California, Inc. in Chula Vista, California.

Debtor filed a petition for relief under Chapter 7 on July 28, 1987. The creditor was listed in the debtor's Notice of Intent pursuant to Section 521(2),[2] but was not listed in the debtor's schedules as required by Section 521(1). Furthermore, the creditor's address listed in the Notice of Intent did not even remotely resemble the correct address readily available to the debtor from the prior communications. The creditor's address on the debtor's Notice of Intent appeared as: "Finance One Manufactures Hanover, South Dakota, 92010." The ZIP code was a California ZIP code, not a South Dakota ZIP code. Consequently, neither the notice of the debtor's bankruptcy nor the notice of the bar date for filing a nondischargeability complaint ("complaint") were ever sent by the court or received by the creditor.

The meeting of creditors was set for September 3, 1987 pursuant to Section 341(a), and the bar date for filing complaints under Section 523(c) was set as November 2, 1987 pursuant to Bankruptcy Rule 4007. The bankruptcy clerk sent notice of both dates to the properly scheduled creditors on August 4, 1987. No such notice was sent to appellant.

On August 20, 1987, the creditor filed a state court action against the debtor, and on October 21, 1987 requested a default judgment. The debtor was served with the Request to Enter Default around October 21, 1987. Five days later, on October 26, 1987, the debtor's counsel's secretary phoned the office of the creditor's counsel and left a message with the secretary that the debtor had previously filed for bankruptcy. However, the debtor's counsel failed to send any documents supporting this contention.

The creditor neither filed a complaint nor sought an extension of time to file such a complaint prior to the bar date of November 2, 1987.

Around November 10, 1987, after examining the debtor's bankruptcy file, the cred-

---

**1.** All Bankruptcy Code Section references are to Title 11 of the United States Code.

**2.** The listing of the creditor in the Notice of Intent, even if correct, would not assist the debtor because the court does not use the Notice of Intent to notify creditors of the bankruptcy filing.

itor's counsel informed the debtor's counsel that the creditor was not listed on the debtor's Schedules. The debtor's counsel agreed to amend the Schedules to reflect the creditor's claim and subsequently filed the amended Schedules on November 25, 1987. However, the debtor's counsel again listed in the amended schedules the incorrect "South Dakota" address (with California ZIP code) as the creditor's address. As a result, the creditor did not receive any notice from the court with regard to the amendment of the bankruptcy schedules.

The creditor, alleging material misrepresentations of financial condition in writing by the debtor, filed a Complaint to Determine Dischargeability under Section 523(a)(2)(B) on March 21, 1988.

The debtor brought a motion to dismiss the creditor's complaint for lack of jurisdiction because the complaint was filed after the bar date. The court granted the debtor's motion. The court reasoned that, since the creditor's counsel was well experienced in bankruptcy law, seven calendar days was sufficient time for the creditor's counsel to file a timely complaint or to file a motion to extend the filing time. Thereafter, the creditor timely appealed.

### ISSUE

Whether the creditor's actual knowledge of the debtor's bankruptcy, seven calendar days prior to the Rule 4007(c) deadline, is sufficient notice within which to require the creditor to timely file a nondischargeability complaint pursuant to Section 523(a)(2)(B).

### DISCUSSION

Debtor's counsel expressly admitted during oral argument before this Panel that it was solely his fault that appellant did not receive the minimum 30 days notice of the bar date which a properly scheduled creditor is entitled to receive under Bankruptcy Rule 4007. He did not have a credible response to why he failed to correctly list the creditor's local California address on the amended schedules. He further remarked that: "Unlike Mr. Suppa [the creditor's counsel] I do little or no bankruptcy work. I am a novice, although I have been admitted to the bar for many years.... The filing of the Schedules was not a thing of beauty ... it was sloppily done."

The debtor's counsel did not even seem to have an adequate grasp of the facts of the case. At the oral argument the debtor's counsel attempted on several occasions to convince this Panel that it was the creditor's counsel who called him first: "Mr. Suppa's secretary called me.... They [creditor's counsel] in their routine scanning of the bankruptcy filings picked up the name of their client, Finance One." The record, however, clearly indicated that the first contact was initiated by the debtor's counsel's office on October 26, 1987.

Ironically, the trial court overlooked the debtor's counsel's admitted substandard work. The court held that because the creditor's counsel was an experienced bankruptcy attorney he could have averted missing the deadline by filing an *ex parte* motion. Not only did the court penalize the creditor's counsel for its competence and experience, but it also forced the creditor's counsel, through no fault of his own, to forgo consultation with his client and review of the file. In order to comply with the trial court's view the creditor's counsel would then have to put aside his other daily business matters and practically run down to the court and file an *ex parte* motion.

Moreover, the trial court ignored the impracticality of the *ex parte* motion as a remedy to the prejudiced creditor. The filing of an *ex parte* motion to extend time is not a practical remedy for a creditor with a small claim such as the one in this case because the attorney's fees for filing such a motion may constitute a significant portion of the total debt.

Creditor's counsel indicated that in this case, which is a typical dischargeability case involving about $4,000, the filing of an *ex parte* motion would require the expenditure of about $500 in attorney's fees. Since the creditor's counsel had a litigation budget of about $1000 regarding a debt of about $4,000, this additional cost would comprise about one half of the litigation budget. More importantly, for this addi-

tional expense the creditor would get nothing more than the time to which it was originally entitled, had it been properly scheduled by the debtor.

I believe that the policy subscribed to by the trial court would encourage debtors to conveniently forget to properly list their creditors. It would enable debtors to insulate themselves from nondischargeability judgments by simply informing creditors of the pending bankruptcy just a few days prior to the deadline for filing complaints. The debtor would then ask the court to be lenient on the debtor's admitted incompetence because the creditor's counsel is more experienced in bankruptcy practice. While on the other hand, under this policy a creditor would be in an impossible and unenviable position where its only recourse is to establish that the debtor's failure to properly list the creditor was intentional rather than negligent.

### A. A PROPERLY LISTED CREDITOR WOULD HAVE AT LEAST A MINIMUM OF 30 DAYS NOTICE OF THE BAR DATE TO FILE A TIMELY NONDISCHARGEABILITY COMPLAINT.

The filing of a Chapter 7 petition in bankruptcy, subject to certain exceptions, permits a debtor to be discharged from all debts that have arisen before the date of the order of relief. *See* 11 U.S.C. § 727(b). For example, Section 523(a)(2)(B) provides for exceptions from dischargeability of debts for money obtained by a materially false representation in writing by the debtor. Under subsection (a)(3)(B), debts of the kind specified in subparagraphs (2), (4), or (6) of Section 523(a) that are neither scheduled nor listed are not automatically discharged unless the creditor had knowledge or actual notice of the pending bankruptcy case in time to permit timely filing of a complaint.

The mechanism for invoking Section 523(a) exceptions is provided in Section 523(c). Section 523(c) requires a creditor

who is owed a debt that may be excepted from discharge under Section 523(a)(2), (4) or (6) to timely initiate proceedings in the bankruptcy court. If the creditor does not timely act and had notice pursuant to Section 523(a)(3)(B), the debt is automatically discharged.

Bankruptcy Rule 4007 sets forth the procedure for determination of the dischargeability of a debt, and requires the filing of a complaint by the creditor within a specified period of time. Rule 4007(c) provides in pertinent part that:

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meetings of creditors held pursuant to § 341(a). *The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.* On motion of any party in interest ... the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. [Emphasis added.]

Thus, while Section 523(c) mandates no specific time limit for filing a complaint, Rule 4007(c) provides that a Section 523(c) complaint is timely if it is filed within 60 days of the first date set for the meeting of creditors. It also mandates that the creditor *shall* be given at least 30 days notice of the bar date in the manner provided in Rule 2002.

Accordingly, a properly scheduled creditor would have a minimum of 30 days notice of the bar date for filing such complaints. In practice, however, a creditor is typically given significantly more notice. It is common practice in many courts, including the Southern District of California from where this appeal arose, to include the notice of the deadline for filing the complaints in the notice of the date set for the Section 341 meeting of the creditors. Official Form No. 16[3] requires notice of

---

**3.** Form 16. Order for Meeting of Creditors and Related Orders, Combined with Notice Thereof and of Automatic Stay is the appropriate form

for an order for meeting of creditors and fixing times for filing objections to discharge and for

the bar date to object to discharge or determine nondischargeability of certain debts pursuant to 11 U.S.C. Sections 727 or 523(c). Norton Bankr. Rules Pamphlet at 1005 (1989–1990 Ed.) Rule 2002(a)(1) requires that creditors must be given at least 20 days notice of the scheduled date for the meeting of creditors. Consequently, in most cases a properly listed creditor receives at least 60 days plus 20 days notice, or approximately 80 days notice, of the deadline for filing nondischargeability complaints. Therefore, a properly listed creditor would not only have received notice of the debtor's bankruptcy at least 80 days prior to the Rule 4007 deadline, but would also have received, at the same time, actual notice of the deadline for filing such complaints.

In the instant case, the creditor's complaint alleged a cause of action under Section 523(a)(2)(B). It is undisputed that the creditor was not properly scheduled prior to the bar date of November 2, 1987. In fact, there is no evidence before this Panel that the creditor has ever been properly scheduled. Nonetheless, the creditor did have actual notice of debtor's bankruptcy seven calendar days (five court days) prior to the bar date. Section 523(a)(3)(B) in pertinent part provides that:

> (a) A discharge under section 727, ... does not discharge an individual debtor from any debt—
> (3) neither listed nor scheduled under section 521(1) ... in time to permit—
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.* [Emphasis added.]

Known creditors are entitled to reasonable notice of the bar date for filings poofs of claim, even if they have actual notice of the bankruptcy case. *See City of New York v. New York, New Haven & Hart-*

filing complaints to determine dischargeability

*ford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). Similarly, the creditor here is entitled to reasonable notice of the bar date for filing a nondischargeability complaint.

The issue then becomes whether the creditor's actual knowledge of the debtor's bankruptcy, seven calendar days (five court days) prior to the bar date, is sufficient notice in the context of Section 523(a)(3)(B).

## B. A PROPERLY SCHEDULED CREDITOR WHO RECEIVES THE 30 DAYS MINIMUM NOTICE MANDATED BY RULE 4007(c), HAS BEEN AFFORDED SUFFICIENT NOTICE TO TIMELY FILE A NONDISCHARGEABILITY COMPLAINT.

In a recent Ninth Circuit case, the debtor's attorney informed the creditor's attorney of the debtor's pending bankruptcy 58 days prior to the Rule 4007(c) deadline for filing nondischargeability complaints. *In re Price*, 871 F.2d 97 (9th Cir.1989). Accordingly, the Ninth Circuit in a short opinion held that the unscheduled creditor had sufficient notice to timely file a complaint pursuant to Section 523(a)(3)(B), but, gratuitously added in *dictum* that the notice was sufficient "at least to file a timely motion for an extension of time." *Id.* at 99. There was no necessity nor reason given for this additional language which is inconsistent with the specific language of Section 523(a)(3)(B).

The debtor attempts to bring the facts of this case within this *dictum* in *Price*. She argues that since the creditor had notice of the bankruptcy case seven calendar days prior to the bar date, the creditor had sufficient time at least to timely file a motion for an extension of time. The debtor then argues that the creditor's failure to seek an extension in this case renders the debt dischargeable. This argument must fail.

While it appears that *Price* requires the creditor to comply with the 60–day filing deadline of Rule 4007(c), it strips away from the creditor the 30 day minimum notice mandated by the same rule. Thus, if

of certain debts with notice thereof.

*Price* is read in the light advocated by the debtor and the trial court, the creditor is burdened with all the detriments of Rule 4007(c) while it is stripped of the safeguards accorded to it by the same rule. The unfairness of such a result is further evidenced when we contrast the courts' views in an analogous situation of assumption of an executory contract by debtors under Section 365. The courts have unanimously held that the debtor must assume the detriments as well as the benefits of such contracts. *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311 (5th Cir.1985) (citing *In re Holland Enterprises, Inc.,* 25 B.R. 301 (Bankr.E.D.N.C. 1982)), *In re LHD Realty Corp.,* 20 B.R. 717 (Bankr.S.D.Ind.1982); *In re Trigg,* 630 F.2d 1370, 1375 (10th Cir.1980) (citing *Schokbeton Industries, Inc. v. Schokbeton Products Corp.,* 466 F.2d 171, 175 (5th Cir.1972)); *In re Caravansary, Inc.,* 67 B.R. 469, 473 (Bankr. 9th Cir.1986); *In re Gamma Fishing Company, Inc.,* 70 B.R. 949 (Bankr.S.D.Cal.1987); 2 *Colliers on Bankruptcy,* ¶ 365.01 at 365–8 to –9 (15th ed. 1989). The view of *Price* advocated by the debtor runs contrary to basic notions of fairness. Such an unfair result could not have been contemplated by the Ninth Circuit.

Moreover, if the ability of the creditor to file a motion to extend time is taken as the test, then receiving actual notice as few as three hours before the bar date might also be sufficient. Those familiar with the daily practice in the bankruptcy courts are aware of what can be done in an emergency. However, I see no logical reason to allow the debtor's repeated failures to properly schedule this creditor to create an emergency situation requiring extraordinary efforts by the creditor's counsel and the courts. Such an emergency caused by the debtor would, as previously discussed, require unnecessary expenditure of funds and if too hastily done would subject the creditor and its attorney to sanctions under Bankruptcy Rule 9011.

The debtor also seeks support from *In re Alton,* 837 F.2d 457 (11th Cir.1988). In *Alton* the unscheduled creditor, who had actual knowledge of the debtor's bankruptcy 75 days prior to the bar date, argued that since he did not receive the 30 days notice of the bar date mandated by Rule 4007(c), the creditor's late filed complaint should not be dismissed. The court disagreed. It held that "because [creditor] received *actual* notice of a bankruptcy proceeding with sufficient time to allow him to file a timely dischargeability complaint, his argument on this point fails." *Id.* at 459. The court in *Alton* reasoned that the creditor could have discovered the *deadline* to file a complaint or a motion to extend time by a mere inquiry.

The Fifth Circuit has held that the court clerk's failure to provide notice of the bar date does not suspend the running of the fixed filing period set by Rule 4007(c). *In re Neeley,* 815 F.2d at 345 (5th Cir.1987). The *Neeley* court concluded that the scheduled creditor, who was represented at the creditors meeting, had more than ample opportunity to protect its rights under Section 523(c).

Having carefully analyzed these cases I conclude that, contrary to the debtor's assertions, neither *Price, Alton* nor *Neeley* decided the issue in this case, which is, whether the creditor's actual knowledge of the debtor's bankruptcy, seven calendar days prior to the bar date, is sufficient notice within which to require the creditor to timely file a nondischargeability complaint.

The bankruptcy court for the Southern District of New York has viewed the "minimum 30–day notice" mandated by Rule 4007(c) as a necessary predicate and trigger to the running of 60–day period for filing of nondischargeability complaints. *In re Schwartz & Meyers,* 64 B.R. 948, 953 (Bankr.S.D.N.Y.1986). The court in *Schwartz* held that the 60–day time period for filing a nondischargeability complaint pursuant to Rule 4007(c), was not triggered when notice of the bar date was lacking in the notice advising of the date set for the meeting of creditors. *Id.* at 955. Therefore, the amended notice subsequently issued was proper and the date set therein became the operative initial bar date for filing the complaint. *Id.* Were I not

bound by *Price*, which does not require that the creditor be given notice of the Rule 4007(c) deadline, I would follow *Schwartz* at least to the extent of affording the creditor 30 days actual notice of the deadline *from any source.*

## C. SOME MINIMUM TIME IS NECESSARY FOR A CREDITOR TO EVALUATE THE FACTS BEFORE FILING A COMPLAINT.

Rule 4007(c) requires a minimum of 30–days notice of the bar date by the court to the properly scheduled creditor. Even in a case such as this one where the debtor's obligation is relatively small, this minimum time is necessary for the creditor's counsel to review the bankruptcy file, to analyze the facts and to consult with his client.

The creditor also needs time in order to comply with Bankruptcy Rule 9011. Under Rule 9011, which basically incorporates Federal Rule of Civil Procedure 11, the signature of an attorney on a filing is a certification by the attorney that the document is well-founded in fact and in law, and is filed only after reasonable inquiry. Rule 9011 provides in pertinent part that:

> If a document is signed in violation of this rule, the court … on its own initiative, *shall impose on the person who signed it, the represented party, or both, an appropriate sanction.* [Emphasis added.]

*See also In re Hatch,* 93 B.R. 263 (Bankr.D. Utah 1988).

In this case, the secretary for the debtor's counsel phoned the creditor's counsel seven calendar days prior to the bar date, and left a message with the secretary that the debtor had previously filed for bankruptcy. The impending bar date was not mentioned and it was left for the creditor's counsel to realize how soon it would pass. In this situation, when the creditor is given only a short notice of the bar date, the creditor and its counsel are confronted with a dilemma.

On the one hand, the creditor could attempt to protect its interests by filing a complaint in a timely fashion. However, counsel risks sanctions if the hastily filed complaint is not well founded. Even filing a motion for an extension of time takes careful consideration and also requires an unnecessary expenditure of funds. On the other hand, if no action is taken prior to the bar date, the creditor is exposed to the risk of having its complaint time barred. The finding by the trial court that five court days is sufficient to file a complaint or at least a motion to extend the time is unfair to the creditor and runs counter to the public policy of avoiding hastily filed pleadings.

## D. PROVISION OF A MINIMUM OF 30 DAYS NOTICE TO AN UNSCHEDULED CREDITOR IS LOGICAL, FAIR AND CONSISTENT WITH THE MANDATES OF RULE 4007(c).

Rule 4007(c), in mandating the 30 days notice of the bar date, naively assumes that debtors will always properly schedule their creditors. Therefore, Rule 4007(c) does not resolve the issue of sufficiency of notice in the situation before this Panel. However, it does serve as a frame of reference for formulation of a standard by this Panel.

I reject the debtor's suggestion of a case-by-case evaluation of factors such as the experience of creditor's counsel, the willingness of debtor's counsel to admit to incompetence, the size of the debt, the geographical proximity of the debtor to the creditor, and other factors, to arrive at a "sufficient notice standard" unique to the particular set of facts. Consideration of such factors would only lead to needless uncertainty, in that a creditor could never be sure of the notice period to which it is entitled. A bright line rule consistent with Rule 4007(c) and Section 523(a)(3)(B) is needed to provide far more stability in deciding this issue.

I cannot conclude that the Ninth Circuit held in *Price* that the Bankruptcy Code and Rules do not afford the creditor reasonable opportunity to protect its rights. I emphasize that absent the *Price* case, I would be inclined to provide at least 80 days notice of the bankruptcy to an improperly scheduled or an unscheduled creditor, which is

the same period a properly listed creditor normally receives.

Since pursuant to Rule 4007(c), a properly scheduled creditor is entitled to at least a minimum of 30 days notice of the bar date, I conclude that an improperly scheduled or an unscheduled creditor must have actual knowledge of the debtor's bankruptcy at least 30 days prior to the Rule 4007 deadline in order to comply with Section 523(c) and Rule 4007 filing requirements. While I believe that this standard will be adequate in most situations, I also recognize that there may arise circumstances where a creditor would be entitled to more notice.

## CONCLUSION

Since the creditor did not have actual knowledge of the debtor's bankruptcy at least 30 days prior to the Rule 4007 deadline, I would reverse the trial court's finding that the creditor's actual knowledge, seven calendar days prior to the bar date, is sufficient notice within which to require the creditor to timely file a nondischargeability complaint under Section 523(a)(2)(B).