**In re Billie Clem RAE, Debtor.**

**COLUMBIA FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Billie Clem RAE, Defendant.**

**Marc E. ALBERT, Trustee, Plaintiff,**

v.

**Billie Clem RAE, Defendant.**

**Bankruptcy No. 88–00547.**
**Adv. Nos. 89–0004, 89–0005.**

United States Bankruptcy Court,
District of Columbia.

Feb. 26, 1990.

Lawrence R. Freedman, Bethesda, Md., for plaintiffs.

Jonathan D. Strum, Washington, D.C., for defendant.

## OPINION REGARDING MOTIONS TO DISMISS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

These adversary proceedings, one objecting to the Debtor's discharge and the other seeking determination of the dischargeability of a debt, were filed beyond the bar dates as set forth in Bankruptcy Rules 4004(a) and 4007(c). The defendant ("Debtor") accordingly moves to dismiss. The plaintiffs have filed virtually identical oppositions on the basis that they relied on erroneous notices by the Clerk. Proper notice of the bar date of September 26, 1988, was given in compliance with Bankruptcy Rules 4004(a) and 4007(c) on July 5, 1988.

Upon failure of the Debtor to attend a continued meeting of creditors the Chapter 7 trustee, Marc E. Albert, moved to dismiss the case. On September 8, 1988, the Court denied the trustee's motion to dismiss and directed that the Clerk "give notice of a new Section 341 meeting as promptly as possible." The Clerk's mailing certificate reflects that copies of the September 8 order were sent to Mr. Albert and to the attorneys who represent both plaintiffs in these proceedings.

On September 9, 1988, the Clerk erroneously issued notice that the case had been dismissed.[1] In alleged reliance on that erroneous notice, the plaintiffs ceased their efforts to file complaints by the September 26 bar date. In the meantime, the Clerk issued a notice on September 19, 1988, of a new Section 341 meeting and stated in that notice that January 3, 1989, was the bar date for complaints objecting to the discharge and complaints to determine the dischargeability of debts. The plaintiffs, however, did not receive the September 19 notice until *after* the original September 26

bar date had passed.[2] Thus, they only relied on the erroneous notice of dismissal in missing the September 26 bar date.

Unless the reliance on the erroneous notice of dismissal rendered the September 26 bar date inapplicable, subsequent reliance on the erroneous notice of a January 3 bar date is of no avail: the Clerk had no power to enlarge the bar date and the Court entered no order enlarging the bar date. A creditor's reliance, prior to expiration of a bar date, on a new notice setting forth a wrong bar date may render the actual bar date inapplicable. *See In re Schoofs*, 115 B.R. 1 (Bankr.D.D.C.1990). Reliance on such notice *after* the bar date expires can not. *In re Lewis*, 71 B.R. 633 (Bankr.N.D.Ill.1987); *In re Richards*, 43 B.R. 554 (Bankr.D.Minn.1984), *aff'd sub nom. F & M Marquette Nat. Bank v. Richards*, 47 B.R. 423 (D.Minn.), *rev'd on other grounds*, 780 F.2d 24 (8th Cir.1985). Although *In re Wellman*, 89 B.R. 880 (Bankr. D.Colo.1988), is to the contrary, it fails persuasively to explain how the time for filing complaints, once expired, can be resuscitated by a subsequent erroneous notice by the Clerk.

The plaintiffs do not allege that the notice of dismissal gave notice of a new bar date. Rather their view was "that the case was dismissed, and therefore there was no case, no discharge, and no purpose in filing [a] complaint." Plaintiff's Opposition at 2. However, the possibility always existed that the order of dismissal that had purportedly been entered might be vacated. Neither the Bankruptcy Rules nor the statute governing the effect of dismissal, 11 U.S.C. § 348, provides for suspension of the bar date while an order of dismissal is outstanding. The plaintiffs could have protected themselves by the simple expedient of filing a motion by the bar date to toll that bar date while the order of dismissal

---

1. The Clerk's docket entries and the case file reflect no such notice. For purposes of decision, the Court accepts the plaintiffs' allegation in that regard as true.

2. Each plaintiff states that *"[w]hen plaintiff learned (after the original deadline had expired)* that the Notice of Dismissal was in fact a mistake, and *that (apparently) a new deadline was*

*ordered,* it promptly prepared and filed its complaint regarding the debtor's discharge within the new deadline." Plaintiff's Opposition to Defendant's Motion to Dismiss at p.3 (emphasis added). Neither plaintiff has alleged knowledge of the September 19 notice before the September 26 bar date expired.

remained effective and for a reasonable period of time thereafter. This they failed to do. Thus, the plaintiffs took the risk of missing the bar date in the event the purported order of dismissal was vacated.

While the failure to file by the bar date may have been excusable neglect,[3] Bankruptcy Rules 4004(b) and 4007(c), in conjunction with Bankruptcy Rule 9006(b)(3), prohibit extension based on a motion filed after the bar date. These rules have eliminated the discretion the courts previously possessed to grant a motion filed after the bar date for an extension based on excusable neglect. *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987); *In re Figueroa*, 33 B.R. 298 (Bankr.S.D.N.Y.1983). The result may be inequitable and harsh but reflects a policy determination of the rulemakers favoring prompt finality concerning the debtor's fresh start which this Court may not override. *See, e.g., In re Kearney*, 105 B.R. 260, 264 (Bankr.E.D.Pa. 1989) (citing cases).

Based on the foregoing, orders of dismissal shall be entered.

---

**3.** Assuming the plaintiffs had received the order entered September 8, 1988, denying dismissal, it is unclear how reliance on a notice of dismissal issued September 9, 1989, could have been reasonable absent effort to resolve the inconsistent documents.