In re Edwin HARVEY, Debtor.

Linda ANDERSON, Plaintiff,

v.

Edwin HARVEY, Defendant.

Bankruptcy No. 91–01232.
Adv. No. 92–0038.

United States Bankruptcy Court,
District of Columbia.

June 5, 1992.

Glenn H. Carlson, Carlson & Cafferty, P.C., Washington, D.C., for plaintiff.

Blaine A'mmon White, Washington, D.C., for defendant.

## DECISION RE MOTION TO DISMISS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The complaint in this adversary proceeding was filed on April 7, 1992, seeking a determination that the plaintiff Anderson's claim against the debtor is nondischargeable under 11 U.S.C. § 523(a)(4). Under F.R.Bankr.P. 4007(c), the bar date in the debtor's bankruptcy case for filing a complaint to determine nondischargeability of a

debt under § 523(a)(4) was February 21, 1992 (not March 9, 1992, as asserted by the debtor in his motion to dismiss). The plaintiff's § 523(a)(4) complaint is thus untimely and barred by Rule 4007(c). Although not timely listed or scheduled as a creditor in the case, the plaintiff, in light of her actual knowledge of the case 43 days before the bar date, has further shown no basis upon which this court should consider granting leave to amend the complaint to one under 11 U.S.C. § 523(a)(3)(B).

## I

■■ Anderson sued the debtor in 1989 in the district court and admits that on January 9, 1992, 43 days before the bar date, the debtor, through counsel, "gave informal notice in open court [in the civil action] that he had filed for bankruptcy in the District of Columbia." Compl., par. 7. However, a review of the transcript reveals no statement by the debtor's counsel, White, concerning where the bankruptcy case had been filed and Anderson could be relieved of her allegation to the contrary. White did clearly state that the debtor was in bankruptcy (although he erroneously stated he was in Chapter 11 instead of Chapter 7). The district court judge reminded White that numerous pleadings had been filed in the civil action and the district court had been trying to figure out what had been going on and yet no suggestion of bankruptcy had been filed. He asked that a suggestion of bankruptcy be filed to stay the civil action. Technically, no suggestion of bankruptcy was necessary for the automatic stay of 11 U.S.C. § 362(a) to be effective. In any event, the issue here is not whether, without the filing of a suggestion of bankruptcy, the automatic stay was effective to stay the civil action. Misunderstanding the effectiveness of the automatic stay would not affect the bar date for filing a complaint to determine dischargeability of debt.

In response to being advised of the debtor's case, Anderson and her counsel do not allege that they made any effort to ascertain the identity of the pending bankruptcy case by court and case number. On February 19, 1992, two days before the bar date expired, the debtor filed a motion in the civil action requesting an order of stay based on the pendency of the bankruptcy case and attached copies of papers from the debtor's bankruptcy case reflecting the name of the court and the case number.

Anderson argues that debtor's counsel's statements at the January 9 hearing were ambiguous because the debtor's partnership's bankruptcy case was pending and the distinction between the partnership and the individual debtor was blurred. But Anderson's counsel clearly understood that debtor's counsel was stating that a bankruptcy case had been filed for the individual debtor.[1]

Anderson argues that no specific information about the debtor's bankruptcy case was given (i.e., jurisdiction, case number, etc.). But there was nothing to prevent Anderson's counsel from requesting that information from the debtor's attorney.

Anderson further argues that by pursuing the civil action (in which the debtor had a counterclaim) the debtor was acting inconsistently with the pendency of a bankruptcy case because only a trustee may pursue such claims. However, this could not have misled Anderson's counsel because the statement made was that the debtor's case was a Chapter 11 case and a debtor-in-possession may pursue an action on behalf of the estate. Moreover, that the debtor improperly pursued causes of action belonging to the estate would not negate the debtor's counsel's clear statement that the debtor had filed bankruptcy.

## II

■■ Anderson requests this court to invoke the equitable powers of this court to

---

**1.** At the January 9 hearing Anderson's counsel stated, "we were aware that Lee and Harvey, the partnership, had entered Chapter 11. We were not aware of the personal bankruptcy. But we also have Mr. Hall, who is a named defendant. . . ." The district court then remarked that the filing of a suggestion of bankruptcy would automatically stay the case and the debtor's counsel responded "except for Mr. Hall. He is not in bankruptcy and, I gather, is still going and—." The district court then interjected that the automatic stay would stop the civil action as to all parties.

relieve her from the time limit of Rule 4007(c). The court has no such discretion. *In re Rae*, 115 B.R. 6 (Bankr.D.D.C.1990); *In re Rhodes*, 61 B.R. 626 (9th Cir. BAP 1986). The cases which Anderson cites, *In re Hershkovitz*, 101 B.R. 816 (Bankr. N.D.Ga.1989) and *In re Riso*, 57 B.R. 789 (D.N.H.1986), are distinguishable. Both of those decisions involved reliance on an erroneous statement of the bar date by the court. Although this court has found the bar date extended in similar circumstances, it has done so on a different rationale and has questioned the reliance in *Riso* and *Hershkovitz* on the equitable power of the court to override Rule 4007(c). *In re Schoofs*, 115 B.R. 1, 4 n. 6 (Bankr.D.D.C. 1990). The Rule 4007(c) bar date for filing a complaint under § 523(a)(4) thus bars this complaint filed under § 523(a)(4).

### III

■ In seeking dismissal, the debtor recognizes that the facts present issues under 11 U.S.C. § 523(a)(3)(B). But even had the plaintiff brought the adversary proceeding under § 523(a)(3)(B), the motion to dismiss would have to be granted. Section 523(a)(3) provides that a discharge under § 727 does not discharge an individual debtor from any debt—

  (3) neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

  .    .    .    .    .

    (B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request....

When a creditor learns of a bankruptcy case and could have discovered the bar date notice upon examining the bankruptcy court's file in time to file a dischargeability complaint, § 523(a)(3)(B) is unavailable to assist the creditor even when the debtor acted in bad faith. *In re Alton*, 837 F.2d 457, 459 (11th Cir.1988). *See Schoofs*, 115 B.R. at 5 nn. 7 and 8.

Anderson had actual knowledge of the debtor's bankruptcy case 43 days before the bar date expired. This was adequate time for timely filing of a complaint to determine dischargeability of her claim. In *Alton* the court held that 75–days actual knowledge of the case prior to the bar date was sufficient to bar § 523(a)(3)(B) relief. In other cases, even less time of actual notice sufficed. *E.g. In re Price*, 871 F.2d 97 (9th Cir.1989) (58 days actual knowledge); *In re Dewalt*, 107 B.R. 719 (9th Cir. BAP 1989). In *Dewalt*, seven days before the bar date, "the debtor's counsel's secretary phoned the office of the creditor's counsel and left a message with the secretary that the debtor had previously filed for bankruptcy. However, the debtor's counsel failed to send any documents supporting this contention." *Id.*, 107 B.R. at 723 (dissenting opinion). The creditor's counsel nevertheless conceded that he could have filed a timely motion for an extension of time. *Id.*, 107 B.R. at 722 (concurring opinion). The majority concluded that this barred § 523(a)(3)(B) relief.

I need not address whether § 523(a)(3)(B) relief is barred where the creditor's knowledge of the case would only have allowed a timely motion to extend. By a simple inquiry of White, an officer of the court in the pending civil action (albeit not counsel for the debtor in the bankruptcy case), Anderson's counsel could have learned on January 9 where the bankruptcy case was pending. By a short trip to the clerk's office (in the same building as the district court), he could have readily ascertained the case number. Had Anderson's counsel then examined the bankruptcy court's file he would have learned of the bar date more than 30 days before the bar date expired. That would exceed the minimum 30–days notice required by Rule 4007(c). As the dissent in *Dewalt* recognized, notice of 30 days is by definition generally sufficient time for filing a complaint. *Id.*, 107 B.R. at 726–728. The court thus concludes that Anderson has not alleged facts showing

**4**

§ 523(a)(3)(B) relief would be available here such as to warrant granting leave to amend the complaint to seek relief under § 523(a)(3)(B).

## CONCLUSION

 As in *Rae,* 115 B.R. at 8, "[t]he result may be inequitable and harsh but reflects the policy determination of the rule-makers favoring prompt finality concerning the debtor's fresh start which this Court may not override." (Citation omitted.) Section 523(a)(3)(B), § 523(c)(1) and Rule 4007(c), taken together, impose upon a creditor and the creditor's attorney an obligation promptly to examine the bankruptcy court's file and ascertain bar dates for filing complaints to determine nondischargeability of debts in a pending bankruptcy case. A creditor's failure to ascertain the bar date based on inexperience with bankruptcy law might otherwise constitute excusable neglect. But Rule 4007(c) simply allows a court no discretion based on excusable neglect to extend the bar date after it has expired. The motion to dismiss must be granted.