**In re FIRSTCORP, INC., Debtor.**

**No. 90–04107–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

April 25, 1991.

Lacy H. Reaves, Raleigh, N.C., David G. Epstein, King & Spalding, Atlanta, Ga., for Firstcorp, Inc.

Harvey A. Levin, Attorney for OTS Office of Thrift Supervision, Washington, D.C., for OTS.

Michael E. Tucci, Washington, D.C., Jonathan R. Harkavy, Greensboro, N.C., for RTC.

Rudolph A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C.

MEMORANDUM OPINION
AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

Two motions are before the court, one brought by The Office of Thrift Supervi-

sion ("Motion of The Office of Thrift Supervision for Order Under § 365(*o* ) Requiring Debtor to Cure Capital Deficiency Nunc Pro Tunc") and one by the Resolution Trust Corporation as conservator for First Federal Savings Association of Raleigh and as receiver for First Federal Savings and Loan Association of Raleigh ("Motion to Compel Assumption of Commitment and for Immediate Cure of Net Worth Deficiency"). Both motions seek to require the chapter 11 debtor in possession, Firstcorp, Inc., to "assume" and to "immediately cure any deficit" in the debtor's commitment to maintain the capital of its subsidiary, First Federal Savings and Loan Association of Raleigh. A hearing was held in Raleigh, North Carolina, on April 16, 1991.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), which this court may hear and determine.

## FACTS

The facts are not disputed.[1] Firstcorp, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 5, 1990, and since that time has been a debtor in possession, 11 U.S.C. § 1101(1). Firstcorp is a Delaware corporation authorized to do business in the State of North Carolina as a savings and loan holding company. The debtor owns all of the stock of two savings associations, First Federal Savings and Loan Association of Raleigh and First Federal Savings and Loan Association of Durham.

Firstcorp acquired First Federal of Raleigh in March of 1985. The acquisition was approved by the Federal Home Loan Bank Board, upon application of Firstcorp, through FHLBB Resolution No. 85–219. Included in the resolution was a term requiring Firstcorp "for as long as Firstcorp controls First Federal of Raleigh" to maintain defined capital requirements and to "infuse" additional equity capital if necessary.

Also in 1985 Firstcorp issued convertible subordinated debentures in the principal amount of $15,500,000. Firstcorp lent $13,400,000 of the offering proceeds to First Federal of Raleigh in exchange for First Federal of Raleigh's issuance of unsecured capital notes to Firstcorp. These notes and the stock of First Federal of Raleigh and First Federal of Durham now constitute substantially all of the assets of the debtor. On June 30 and September 30, 1990, Firstcorp failed to make its required quarterly interest payments on the debentures and Wachovia Bank and Trust Company, N.A., as trustee for the debenture holders, accelerated the obligation.

In January of 1990 Firstcorp unsuccessfully sought OTS forbearance concerning its obligation to maintain the First Federal of Raleigh capital requirement. OTS directed Firstcorp in writing on several occasions thereafter to infuse sufficient capital into First Federal of Raleigh to meet the capital maintenance obligation, but the infusion did not occur.

Following extensive negotiations, on November 30 First Federal of Raleigh and OTS entered into a "Consent Agreement" regarding the continued operation of First Federal of Raleigh. Included in the agreement was the acknowledgement by First Federal of Raleigh that it had insufficient capital and that this constituted grounds for the appointment of a conservator or receiver. *See* Consent Agreement at 1. The agreement also included the following provision:

> Nothing in this Agreement, however, shall serve to preclude Firstcorp, the Institution's holding company, from honoring its net worth maintenance obligations pursuant to FHLBB Resolution 85–219,

---

1. For a more complete discussion of the background facts in this chapter 11 case, see the court's Memorandum Opinion and Order of December 18, 1990, *In re Firstcorp, Inc.,* 122 B.R. 484 (Bankr.E.D.N.C.1990), from which the facts in this opinion are taken.

and the Institution's receiving the benefit of such obligations.

Consent Order ¶ III.5(a) at 15.

Later, on November 30, OTS served Firstcorp with a "Notice of Charges and Hearing" and a "Temporary Order to Cease and Desist." The notice, which commenced an administrative proceeding pursuant to 12 U.S.C. § 1818(b), charged Firstcorp with an "unsafe and unsound practice" for failure to comply with "a condition imposed in writing by the OTS in connection with the granting of an application." Notice of Charges, ¶ II at 1 (Nov. 30, 1990). More specifically, the allegation is that Firstcorp failed to fulfill its capital maintenance obligation which amounted to $45,000,000 as of September 30, 1990. Notice, ¶¶ III.A.16 & 17 at 4. Paragraph III.A.5 of the Notice states as follows:

> The acquisition of First of Raleigh by Firstcorp was approved upon the written condition, among others, that for as long as Firstcorp controls First of Raleigh, the regulatory net worth of First of Raleigh would be maintained by Firstcorp at the greater of (1) three percent of total liabilities or (2) a level consistent with that required by the applicable capital requirements ("capital maintenance obligation"). The condition also requires Firstcorp to infuse sufficient additional equity capital, in a form satisfactory to the OTS, as successor to the Federal Home Loan Bank Board.

Notice, ¶ III.A.5 at 2.

The Temporary Order to Cease and Desist, which was entered pursuant to 12 U.S.C. § 1818(c) by OTS in conjunction with the Notice, ordered Firstcorp (1) not to directly or indirectly engage in transactions with First Federal of Raleigh or with First Federal of Durham without approval from OTS, (2) to extinguish the capital note from First Federal of Raleigh, (3) not to transfer or pledge its assets without OTS approval, (4) to transfer its ownership interest in First Federal of Durham to First Federal of Raleigh, and (5) to use its best efforts to fulfill First Federal of Raleigh's capital requirements.

On December 4 Firstcorp filed a complaint in the United States District Court for the Eastern District of North Carolina seeking to enjoin the OTS action pursuant to 12 U.S.C. § 1818(c)(2), but on the next day, December 5, before the district court ruled on that request, Firstcorp filed its chapter 11 petition. On December 7, 2 days after the filing of Firstcorp's chapter 11 petition, OTS appointed the Resolution Trust Corporation as receiver for First Federal of Raleigh and the assets of First Federal of Raleigh were transferred to a new institution, "First Federal Savings Association of Raleigh," for which RTC serves as the OTS-appointed conservator.

The debtor filed an adversary proceeding which sought a determination that 11 U.S.C. § 362(a) stayed the OTS proceeding, including the temporary cease and desist order. The court agreed, holding that OTS may not disturb the assets of the debtor's estate in pursuit of a monetary claim. *In re Firstcorp, Inc.*, 122 B.R. 484 (Bankr.E.D.N.C.1990), notice of appeal filed December 26, 1990. OTS and RTC now request the court to compel Firstcorp to commit its assets to cure First Federal of Raleigh's capital deficit pursuant to 11 U.S.C. § 365(*o*).

## DISCUSSION AND CONCLUSIONS

The Crime Control Act of 1990, Pub.Law No. 101–647, 104 Stat. 4789, made several amendments to the Bankruptcy Code including the addition of § 365(*o*) which provides:

> In a case under chapter 11 of this title, the trustee shall be deemed to have assumed (consistent with the debtor's other obligations under section 507), and shall immediately cure any deficit under, any commitment by the debtor to the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, the Director of the Office of Thrift Supervision, the Comptroller of the Currency, or the Board of Governors of the Federal Reserve System, or its predecessors or successors, to maintain the capital of an insured depository institution, and any claim for a subsequent breach of the

obligations thereunder shall be entitled to priority under section 507. This subsection shall not extend any commitment that would otherwise be terminated by any act of such an agency.

OTS and RTC contend that § 365(*o* ) (effective November 29, 1990) requires Firstcorp to assume its commitment to maintain First Federal of Raleigh's capital and to immediately cure First Federal of Raleigh's capital deficit of $45,000,000. Firstcorp's primary asset is its ownership interest in First Federal of Durham, and curing the deficit would mean transferring First Federal of Durham to First Federal of Raleigh.

Firstcorp maintains that, for several reasons, the curing of the First Federal of Raleigh deficit at this date is not required. The debtor argues that the commitment is not an enforceable contract and that even if it were it is not an "executory contract" and therefore is not subject to the "deemed assumption" requirement of § 365(*o* ). OTS and RTC contend that a chapter 11 debtor in possession's commitment to maintain the capital of a savings and loan subsidiary need not be an "executory contract" to be deemed assumed. According to OTS and RTC, all that is needed is a "commitment."

A determination of those controversies, however, is not necessary to decide the motions before the court, because even if the debtor's commitment is "deemed assumed," the commitment has now expired by its own terms. A basic principle underlying the assumption of executory contracts under § 365 is that the assumption of a contract is an assumption of *all* of the contract's terms. *In re Holland Enterprises, Inc.*, 25 B.R. 301, 303 (E.D.N.C. 1982). There is no reason to assume that that principle would not also apply to the "deemed assumption" of a "commitment" under § 365(*o* ) as well. Another fundamental principle is that an assumed executory contract may expire postpetition by its own terms. *Gloria Mfg. Corp. v. Inter-*

*national Ladies Garment Workers Union,* 734 F.2d 1020 (4th Cir.1984).

Firstcorp's commitment to maintain First Federal of Raleigh's capital continues only "for as long as Firstcorp controls First Federal of Raleigh." Clearly, Firstcorp lost that control when OTS appointed RTC as First Federal of Raleigh's receiver.[2]

OTS and RTC acknowledge that Firstcorp no longer controls First Federal of Raleigh, but argue that Firstcorp's "deemed assumption" became effective immediately upon the filing of the bankruptcy petition, at a time when Firstcorp still controlled First Federal of Raleigh and when the commitment was in effect. The problem, however, is that the *entire* commitment was assumed including the provision which terminates the commitment when the debtor loses control of its subsidiary. In fact, the statute itself recognizes that the commitment may be terminated. The last sentence of § 365(*o* ) provides that § 365(*o* ) "shall not extend any commitment that would otherwise be terminated by any act of such an agency."

OTS argues that it was faced with a "Hobson's choice." Should it takeover the insolvent First Federal of Raleigh and lose Firstcorp's commitment or should it retain the commitment and allow First Federal of Raleigh's financial condition to deteriorate. OTS may have had no alternative, but the problem was created by the express language of the resolution prepared by OTS's predecessor, the Federal Home Loan Bank Board.

OTS and RTC maintain that to not require Firstcorp to immediately cure First Federal of Raleigh's capital deficit, is to subvert the intention of Congress in enacting the Crime Control Act of 1990. According to OTS and RTC, the Crime Control Act of 1990 was enacted in part to prevent those who control savings and loan associations from avoiding their obligations in bankruptcy. They note that Section 2522, which added § 365(*o* ), is entitled "Disallowing Use of Bankruptcy to Evade Commit-

---

**2.** Firstcorp argues that it actually lost control prior to that event when, on November 30, 1990, OTS and First Federal of Raleigh entered into the Consent Agreement and OTS filed its "Tem-

porary Order to Cease and Desist." Although those actions severely limited Firstcorp's control of First Federal of Raleigh, they did not divest Firstcorp of all of its control.

ments to Maintain the Capital of a Federally Insured Depository Institution or to Evade Civil or Criminal Liability." That is so, but, the legislative history, House Report No. 681, 101st Cong., 2d.Sess., *reprinted* in 1990 U.S.Code Cong. & Admin. News 6586, states that the specific purpose of § 365(*o*) is "to prevent the trustee from rejecting any such commitment as an executory contract under his usual 'avoidance' powers." The court's ruling does not contravene that objective.

The OTS and RTC motions raise many interesting and important questions, but they need not be answered and will not be addressed at this time.[3] It is enough to hold that if Firstcorp's obligation is one that is deemed assumed upon filing, that obligation terminated by its own terms when OTS took control of First Federal of Raleigh. There is no longer a commitment to honor and, accordingly, the motions of OTS and RTC to immediately cure any capital deficit are DENIED.

SO ORDERED.

---

**3.** One primary issue is whether the commitment is enforceable, *see In re Connor Corp.,* No. 87–01697–MO4, slip. op. (Bankr.E.D.N.C. June 20, 1990), *aff'd, FDIC v. Butler,* 127 B.R. 775 (E.D.N.C.1991); *FSLIC v. Savers, Inc.* No. LR–C–89–529, slip op., 1989 WL 248120 (E.D.Ark. December 13, 1989); *RTC v. Tetco, Inc.,* 758 F.Supp. 1159 (W.D.Tex.1990). Another is whether § 365(*o*) applies only to executory contracts.