**In re The TEXSTONE VENTURE, LTD., Debtor.**

**Bankruptcy No. 85–03234–H3–5.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Sept. 10, 1985.

Reese W. Baker, Houston, Tex., for movant/debtor.

Gary C. Miller, Houston, Tex., for Nat. Bank of Washington, trustee for the multi-employer/public employee property trust.

## REASONS FOR DENIAL OF DEBTOR'S EXPEDITED MOTION TO REJECT EXECUTORY CONTRACT

### I. Jurisdiction of the Court

WESLEY W. STEEN, Bankruptcy Judge, sitting by designation.

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Southern District of Texas has original jurisdiction pursuant to 28 U.S.C. § 1334(b).

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Findings of Fact

In March, 1983, the National Bank of Washington, in its capacity as trustee for the multi-employer/public employee property trust (the "employee trust") lent to the Debtor $10,700,000 as permanent financing for a downtown Houston office building. The loan was a non-recourse obligation payable interest only at 16% per annum for eleven years. Between the eighth and the tenth years the employee trust is entitled to receive, in lieu of part of the principal of the debt, an equity interest in the building; that is, the employee trust is entitled to decide, at its option, whether to receive repayment of principal in the form of cash or in the form of an equity participation.

The loan was closed by the execution of multiple documents including, among other things, a note, a deed of trust to secure the loan (during its debt stage), and an "Option and Purchase Agreement" (to effect the equity participation rights of the lender). Although these different parts of the loan obligation were evidenced by separate documents, the loan commitment and the cross-references in the documentation evidence that each of the separate obligations constituted part of the consideration for the loan; a representative of the employee trust testified that the loan would not have been made without the equity participation feature.

The Court finds as fact that the separation of the obligations into different documents (i.e., the fact that they were written on separate and independent pieces of paper) was not intended as the division of the obligations into separate and independent contracts.

### III. Conclusions of Law

The resolution of this case simply depends on whether the equity participation option is treated as a separate contract or whether it is treated as an integral part of the loan transaction, merely granting an alternative method of principal repayment. The Debtor vigorously argues that the equity participation option is to be viewed as a separate contract; the Debtor then cites substantial authority for the proposition

that an option to purchase real estate is an executory contract that can be rejected.

■ The Court concludes to the contrary; under the terms of the loan, when viewed comprehensively, the equity participation option is actually merely an alternative method of principal repayment. It is elementary that if a contract is to be rejected, it must be rejected in whole and not in part. Thus, the Debtor cannot retain those aspects of the contract to his benefit while rejecting the burdensome aspects of the contract. *In re Holland Enterprises, Inc.,* 25 B.R. 301 (D., E.D.N.C., 1982): "It is axiomatic that an assumed contract under Section 365 is accompanied by all of its provisions and conditions ... a debtor may not retreat to this provision, derived from the inherent equitable powers of the bankruptcy courts to avoid an obligation while it enjoys a benefit which arises in conjunction with that obligation." [1]

■ The legislative history of § 365 [2] indicates that a note is not an executory contract [3] if the only performance that remains is repayment. Since the Court interprets the option agreement as merely one alternative method of principal repayment, the option would not be an executory contract and neither would the note be an executory contract because of inclusion of the option.

■ Reduced to its simplest terms, the transaction involved in this case can be characterized as follows: the employee's trust transferred to the Debtor the sum of $10,700,000; the Debtor, in return, promised to pay interest and to repay principal. The documents provide that the principal can be repaid in cash or by the transfer to the employee's trust of a two-thirds interest in the building; the employee's trust can choose the method of repayment. The Debtor seeks to retain the $10,700,000; the Debtor seeks to continue to be obligated to pay interest and then to repay the principal in the future in cash. What the Debtor seeks to do by this motion is not to reject the contract, but rather to excise the portion of the contract that would require transfer of an equity interest in the building in lieu of cash payment of principal. The Debtor seeks to do so primarily on the theory that because the alternative principal payment obligation (transfer of an equity interest in the building) is on a separate sheet of paper from the cash principal payment alternative, therefore, somehow the equity transfer alternative is a separate contract that can be rejected independent of the other obligations of the loan.

The argument is not valid; if it were, the consequences would be substantial. A deed of trust is a separate contract on a separate sheet of paper from the note it secures. Could a debtor reject a deed of trust because it is a separate contract from the obligation to pay principal and interest? [4] Obviously not, but the query is not more absurd than the Debtor's argument. The thrust of Texstone's argument is that rejection of the equity participation principal payment option is in the best interests of the estate because that alternative is burdensome to ·the estate; it is burdensome, alleges Texstone, because Texstone

---

1. 25 B.R. 301, 303.

2. All section citations are to the Bankruptcy Code, Title 11, U.S.C., unless otherwise indicated.

3. House Report No. 95–595, 95th Cong., 1st Sess., p. 347, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6303 states:
   "*§ 365. Executory contracts and unexpired leases*
   Subsection (a) of this section authorizes the trustee, subject to the court's approval, to assume or reject an executory contract or unexpired lease. Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is repayment. Performance on one side of the contract would have been completed and the contract is no longer executory."

4. The Court is aware that a deed of trust could· be distinguished as a contract executory only between the trustee and the creditor, and, therefore, not executory as to the debtor. This ignores, however, equities of redemption, if any, and the right to cancellation of the deed of trust on payment of the debt secured.

cannot refinance its debt structure with the equity participation principal payment option extant. Precisely the same argument would apply to rejection of the deed of trust. If Texstone could reject the deed of trust while maintaining its obligations under the note (*i.e.*, the obligation to repay principal and interest in cash), it could no doubt restructure its debt obligations even more easily.

An order is rendered this date effecting the decision to deny the motion to reject the alleged executory contract.