**In re Basil KEBLISH, Laura
Keblish, Debtors.**

**Bankruptcy No. 94–41029.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 7, 1995.

Robert E. Barron, Nederland, TX, for debtors.

Susan Foster, Biggers, Beasley, Earle & Hightower, P.C., Dallas, TX.

### OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration the Motion of General Motors Ac-

ceptance Corporation ("GMAC") to Compel Assumption or Rejection of Executory Contract. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about September 25, 1992, Debtor, Laura Raper Keblish, executed a SmartBuy Retail Instalment Sale Contract ("SmartBuy Contract") for the purchase of a 1992 GMC Sierra Pickup, Vehicle Identification No. 2GTEC19Z3N1556531, GMAC Account No. 435–4403–53932 ("Vehicle").

The SmartBuy Contract requires the Debtor to make forty-eight (48) monthly payments of $299.75 beginning October 9, 1992, and a final payment of $6,368.64 ("Final Payment"), which was due on September 9, 1996. When the Final Payment was due, the SmartBuy Contract provided the Debtor with three options, as follows:

(1) The Debtor could pay the Final Payment on the due date;

(2) The Debtor could enter into a new agreement with GMAC to refinance the Final Payment; or

(3) The Debtor, upon fulfilling certain conditions,[1] could sell the Vehicle to GMAC and have the sale price applied to the Final Payment. The sale price was to be the amount of the Final Payment, less $250 and any "Excess Wear and Tear Deductions" and "Excess Mileage Deductions."[2] If the sale price was less than the Final Payment, the Debtor would have to pay the difference.

The SmartBuy Contract also provides that the Debtor gives GMAC a security interest in the Vehicle and in proceeds of any insurance policy on the Vehicle, among other things. The Debtor is to note GMAC's interest in the Vehicle on the title of the Vehicle. Furthermore, if the Debtor defaults on the SmartBuy Contract, GMAC has all the rights provided under Chapter 9 of the Texas Business and Commerce Code, including the remedy of repossession.

GMAC claims that the SmartBuy Contract is an executory contract which must be assumed or rejected by the Debtor under 11 U.S.C. § 365. Debtor maintains that the SmartBuy Contract is simply a financing agreement, not an executory contract.

## DISCUSSION OF LAW

The Court is called upon to determine a rather new issue: Is a Retail Instalment Sale Contract an executory contract or simply a security agreement? The impact of such a determination is significant. If such an agreement constitutes an executory contract, every debtor who has entered into such an agreement must either assume or reject the agreement pursuant to 11 U.S.C. § 365.

Judge Abramson has recently decided this precise issue in *In re Cox,* 179 B.R. 495

1. The conditions with which the Debtor had to comply before exercising the option to sell were as follows:

(1) the Debtor must provide the Creditor at least 30 days in advance written notice of her intention to exercise the option to sell and drive the Vehicle to a location specified by the Creditor, so that the Creditor could appraise the condition of the Vehicle;

(2) the Debtor has kept all of the agreements under the Contract, including the agreement to keep the Vehicle free of all liens and encumbrances other than the Creditor's lien;

(3) the Debtor has paid the Creditor all amounts owed under the Contract, except for the amount of the Final Payment;

(4) the Debtor must pay the Creditor on the due date of the Final Payment any amount by which the Final Payment exceeds the sale price, as defined by the Contract;

(5) the Debtor must deliver the Vehicle to the Creditor on the due date of the Final Payment (or the following business day) at a place the Creditor specifies;

(6) the Debtor has serviced the Vehicle as described in the Owner's manual;

(7) the Debtor has allowed a dealer or repair shop participating in any recall campaign to make recall repairs at the manufacturer's cost; and

(8) the Debtor has not altered the Vehicle without prior written permission of the Creditor.

2. Excess Wear and Tear Deduction is defined as "the amount the Creditor in good faith reasonably estimates it would cost to make all repairs to the Vehicle which are not the result of normal wear and tear ..." This includes repair to the body and paint of the Vehicle. The Contract does not contain a definition for Excess Mileage Deduction.

(Bankr.N.D.Tex.1995). This Court adopts that well reasoned opinion in determining that the SmartBuy Contract does not constitute an executory contract.

Although not defined in Title 11, an executory contract is defined generally as a contract under which both parties' obligations are so far unperformed that the failure of either to complete their performance constitutes a material breach excusing performance of the debtor. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973); *In re Independent American Real Estate, Inc.,* 146 B.R. 546, 552 (Bankr.N.D.Tex.1992); *In re Placid Oil Co.,* 72 B.R. 135, 137 (Bankr.N.D.Tex. 1987).

GMAC contends that the SmartBuy Contract is executory because the obligations of both the Debtor and GMAC are so far unperformed that the failure of either to complete their performance would constitute a material breach. GMAC contends that Debtor's required performance is choosing among three options: (1) pay the Final Payment, (2) refinance the Final Payment, or (3) sell the Vehicle to GMAC. Depending on which option the Debtor chooses, GMAC's required performance is refinancing the collateral or purchasing the Vehicle from the Debtor.

In support of its argument, GMAC cites *Matter of Jackson Brewing Co.,* 567 F.2d 618 (5th Cir.1978), in which the Fifth Circuit affirmed a district court finding that an option contract to purchase real estate and a leasehold was executory, and *Johnson v. Fairco Corp.,* 61 B.R. 317 (N.D.Ill.1986), in which the court found that a stock redemption agreement was executory because no money had been paid to the estate and the estate had not tendered the shares.

The Court believes both *Jackson Brewing* and *Johnson* are distinguishable from the present case. In both those cases, the "option" was to purchase something (land or stocks). Several conditions had to be met before exercising the option (giving notice, tendering the requisite consideration). It was the breach of those prerequisite conditions that made the "option" contracts executory.

In the present case, a purchase has been made and financed. Debtor's "option" is choosing between three methods of repayment. It seems clear that the SmartBuy Contract is simply a financing arrangement providing three alternative methods of repayment. There is no remaining performance that can be materially breached in order to excuse Debtor's performance. A note is not an executory contract if the only performance that remains is repayment. *In re Texstone Venture, Ltd.,* 54 B.R. 54, 56 (Bankr.S.D.Tex.1985); *Placid Oil Co.,* 72 B.R. at 138. The fact that the SmartBuy Contract provides the Debtor with three ways to pay does not make it executory. *Cox,* 179 B.R. 495; *Texstone Venture, Ltd.,* 54 B.R. at 56.

Since the SmartBuy Contract does not constitute an executory contract, Debtor is not required to assume or reject it under 11 U.S.C. § 365.

In addition, assumption or rejection under 11 U.S.C. § 365 is not appropriate if the Court determines that the agreement is a security agreement. *In re Pacific Express, Inc.,* 780 F.2d 1482, 1487 (9th Cir.1986); *In re Hartman,* 102 B.R. 90 (Bankr.N.D.Tex. 1989). The SmartBuy Contract is clearly a security agreement. The SmartBuy Contract provides that the Debtor gives GMAC a security interest in the Vehicle and in proceeds of any insurance policy on the Vehicle. The SmartBuy Contract requires the Debtor to note GMAC's security interest in the Vehicle on the title. The SmartBuy Contract further provides that if the Debtor defaults, GMAC has all the rights provided under Chapter 9 of the Texas Business and Commerce Code, including the remedy of repossession. It is therefore

ORDERED that the Motion of General Motors Acceptance Corporation to Compel Assumption or Rejection of Executory Contract is hereby DENIED.